# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

THOMAS CHRISTENSEN, CHRISTENSEN LAW OFFICES, LLC,

        Plaintiffs,

vs.

DARWIN NATIONAL ASSURANCE COMPANY, *et al.*,

        Defendants.

2:13-cv-00956-APG-VCF

**ORDER**

    Before the Court is Defendant Darwin National Assurance Company's Emergency Motion to Stay Discovery (#24) and Plaintiffs filed a Response to Defendant Darwin National Assurance Company's Emergency Motion to Stay Discovery (#26). On March 14, 2014, the Court held a hearing on the instant motion. The Court heard representations from the parties. For the following reasons, Defendant Darwin National Assurance Company's Emergency Motion to Stay Discovery (#24).

**A. Motion to Stay**

    Defendant/Counterclaimant Darwin National Assurance Company seeks to stay discovery in this case pending the resolution of its Motion for Summary Judgment (#20). (#24). Defendants assert that the stay of discovery will eliminate a "costly discovery, including expert and fact depositions in Arizona and Connecticut." *Id.*

    Plaintiffs oppose the Motion to Stay Discovery as there is "no prejudice or harm to Defendant in discovery proceeding and that this Court should not stay discovery based upon Defendant's unwillingness to prosecute this matter on its merits or what amounts to mere inconvenience." (#26).

## **Analysis**

To establish good cause for a discovery stay, the moving party must show more than that an apparently meritorious Motion for Summary Judgment is pending. Having reviewed the Motion (#24) and the Opposition (#26), the court is not convinced that there is any prejudice or harm to Defendant in discovery proceeding.

Accordingly,

IT IS HEREBY ORDERED that Defendant Darwin National Assurance Company's Emergency Motion to Stay Discovery (#24) is DENIED.

IT IS FURTHER ORDERED that Defendant must timely respond to written discovery. If Plaintiff feels that the discovery responses are not appropriate, they may file a Motion to Compel by April 4, 2014.

IT IS FURTHER ORDERED that the following apply:

1. Discovery closes on April 4, 2014.

2. Regarding the pending 30(b)(6) Deposition Notice served on Defendant and expert desposition(s):

   a. The deposition(s) is or are stayed until the court rules on Defendant's Motion for Summary Judgment (#20);

   b. If issues remain for trial after that ruling, no later than 15 days after entry of the summary judgment ruling, the parties must personally consult and agree on appropriate 30(b)(6) topics and schedule the deposition(s). If the parties cannot agree, then no later than three weeks after entry of the summary judgment ruling, the parties must file a joint statement setting their points of agreement and disagreement. The court will resolve those issues, with or without a hearing.

c. The Joint Pretrial Order is due 75 days after entry of the summary judgment ruling.

d. The parties must file a status report, if this case is still pending and no joint pretrial order has been filed on September 15, 2014.

IT IS SO ORDERED.

DATED this 31st day of March, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE